**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

LUTHER STEVEN MONTGOMERY,  :

    Plaintiff,  :

vs.  :  CA 23-130-JB-MU

OFFICER JAMES STEWART, *et al.*,  :

    Defendants.  :

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's second-amended *pro se* complaint (Doc. 10) and has been referred to the undersigned Magistrate Judge for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Upon consideration of all relevant pleadings filed in this case, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process. Dismissal of this action is recommended pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order (Doc. 7) to file an amended complaint which meets the requirements of Rule 8(a).

## PROCEDURAL BACKGROUND AND FACTS

By Order entered on June 7, 2023 (Doc. 7), the undersigned identified various deficiencies in Plaintiff's first-amended complaint (Doc. 6) that he needed to remedy in a second-amended complaint.[1] The undersigned concluded that Plaintiff's first-amended complaint was a deficient pleading for failure to comply with Rule 8(a). (*See* Doc. 7).

---

[1] Plaintiff filed his first-amended complaint (Doc. 6) shortly before he was granted leave to proceed *in forma pauperis* and before the undersigned had an opportunity to screen (Continued)

In the Order, Plaintiff was generally informed that his second-amended complaint must contain a short and plain statement of his claims showing that he is entitled to relief. (*See* Doc. 7*, PageID. 28-9*). The Court also instructed Plaintiff, among other things, that he must specifically identify the claims he wishes to assert against each Defendant and that if sufficient facts are not pled to make out a plausible claim, the action would be dismissed. (*See id.,* PageID. 32). The Court cautioned Plaintiff that the second-amended complaint will replace the original complaint and first-amended complaint, and, therefore, Plaintiff cannot rely on the previous complaints and was instructed to include all factual details, allegations, and claims he intends to plead in the second-amended complaint. (*See id.,* PageID. 28). The Order also noted that Plaintiff had previously asserted the same or similar allegations against Officer Stewart in Case Number 22-cv-350-JB-MU, which was dismissed without prejudice for failure to prosecute after Plaintiff failed to comply with the Court's order to refile his complaint to cure the identified deficiencies. (*Id.*). Finally, Plaintiff was provided with a copy of the Court's *Pro Se Litigant Guide* to assist him in amending his complaint. (*Id.*).

Plaintiff's second-amended complaint was filed on July 5, 2023 (Doc. 10). In addition to Officer James Stewart and Walmart Supercenter, the filing included for the first time Captain Lee Lafitte and the City of Mobile as defendants (*See id.,* PageID. 41). While it does include additional statements that were not present in the first-amended complaint, including generally that the Court should hear the case against Office Stewart because he violated Plaintiff's "constitutional rights," and further that "Officer Stewart

---

the original complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B). Therefore, the Court's Order focused on the content of the first-amended complaint.

violated my 8th Amendment rights by racially profiling me and falsely accusing me of things I didn't do, and 14th Amendment rights by racial profiling," these additional statements are still insufficient to identify the specific claims Plaintiff wishes to assert against each Defendant and the facts upon which those claims may be based. (*Id.,* PageID. 46).

## <u>CONCLUSIONS OF LAW</u>

While courts in the Eleventh Circuit generally afford the pleadings of *pro se* litigants liberal construction, those pleadings must still "'conform to procedural rules.'" *Muhammad v. Muhammad,* 654 Fed.Appx. 455, 456 (11th Cir. June 27, 2016) (quoting *Albra v. Advan., Inc.,* 490 F.3d 826, 829 (11th Cir. 2007)), *cert. denied,* ___ U.S. ___, 137 S.Ct. 1206, 197 L.Ed.2d 247 (2017).

> Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Though there is no required technical form, "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate number paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).

*Id.* at 456-57.

"A complaint that fails to follow Rules 8 and 10 may be classified as a shotgun pleading." *Id.* at 457.  In particular, "[s]hotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead,* 771 Fed.Appx. 952, 955 (11th Cir. May 7, 2019), quoting *Vibe Macro, Inc. v. Shabanets,* 878 F.3d 1291, 1294-95 (11th Cir. 2018) (other citation omitted). Stated

somewhat differently, a shotgun pleading is defined by "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecommunications Inc.,* 146 Fed.Appx. 368, 371 (11th Cir. Aug. 22, 2005), citing *Byrne v. Nezhat,* 261 F.3d 1075, 1129-30 (11th Cir. 2001).

In describing the nature of a shotgun pleading, the Eleventh Circuit has observed that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002). Such pleadings typically are characterized by either factually unsupported claims or an inability to discern which allegations of fact are intended to support which claims and frequently fail to specify which defendant is responsible for each act alleged. *Beckwith, supra,* 146 Fed.Appx. at 372; *cf. McDonough, supra,* 771 Fed.Appx. at 955 ("Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act."). As a result, a district court "'whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials.'" *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,* 598 F.3d 802, 806 n.4 (11th Cir. 2010), quoting *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998). And, consequently, the Eleventh Circuit has instructed district courts to prohibit shotgun pleadings as fatally defective. *See,*

*e.g., B.L.E. ex rel. Jefferson v. Georgia,* 335 Fed.Appx. 962, 963 (11th Cir. Oct. 23, 2009) (citations omitted). To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith, supra,* 146 Fed.Appx. at 372.

Here, Plaintiff's second-amended complaint (Doc. 10) constitutes a shotgun pleading of at least the second, third, and fourth types described in *McDonough, supra,* 771 Fed.Appx. at 955, because of its numerous conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action*,* because he has failed to separate each cause of action or claim for relief into distinct counts, and because he has not specified which defendant is responsible for which acts.  In short, because Plaintiff's shotgun pleading does not meet the standards of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, it is impossible to find that Plaintiff has stated any claims against the Defendants. And, certainly, none of the Defendants would have any idea of what, precisely, they need defend against or how to frame a responsive pleading.

As far as the undersigned can tell, Plaintiff means to assert two separate claims against Officer Stewart, one for violation of his 8th Amendment rights and one for violation of his 14th Amendment rights, although it is unclear exactly what sort of violation of these rights he is claiming and what facts he is alleging to support any violations.  (*See* Doc. 10, PageID. 46).  Further, nowhere in the second-amended complaint are specific claims raised against the other named Defendants. (*See* Doc. 10).  In addition, Plaintiff's factual allegations are spread throughout the second-amended complaint in various disjointed statements that make it impossible to ascertain which facts support which claims. (*Id.*).

Plaintiff should have set forth all relevant factual allegations and then separated each of his claims into separate counts, Count I – a claim for specified 8th Amendment violations, Count II – a claim for denial of equal protection under the 14th Amendment, and the like. This separation would have made it clear to which Defendant each count was directed and would have supplied Plaintiff with an appropriate opportunity to address the elements of each of his purported claims. As it stands now, all that Plaintiff's second-amended complaint contains is conclusory allegations that he was racially profiled such that his 8th and 14th Amendment rights were violated, but there is no delineation of the elements of any of his claims. *See Toth v. Antonacci,* 788 Fed.Appx. 688, 691 (11th Cir. Oct. 7, 2019) (indicating that the failure to set forth the elements of claims is a problem that violates Rule 8(a)(2)'s "short and plain" statement requirement), *cert. denied,* ___ U.S. ___, 140 S.Ct. 2723, 206 L.Ed.2d 857 (2020). Given these numerous problems, the Defendants "'could not reasonably be expected to frame a responsive pleading[,]'" *id.,* quoting *Jackson v. Bank of America, N.A.,* 898 F.3d 1348,1358 (11th Cir. 2018).

Finally, since Plaintiff has already been extended the opportunity to file a second-amended complaint to correct the deficiencies in his first-amended complaint, he need not be given further opportunity to amend his complaint before ruling on whether he has complied with the Court's Order. *See Butler v. Morgan,* 562 Fed.Appx. 832, 835 (11th Cir. Apr. 3, 2014) ("A district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal if 'it appears a more carefully drafted complaint might state a claim upon which relief can be granted,' even if the plaintiff never seeks leave to amend."). As a result, Plaintiff's second-amended complaint warrants dismissal as a shotgun pleading that fails to state a claim upon which relief may be granted.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff's second-amended complaint is a shotgun pleading that fails to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **22nd** day of **September, 2023**.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**